**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-26716-RAR**

**JACKY RICHARD LUBIN**,

Petitioner,

v.

**WARDEN, KROME NORTH PSC**, *et al.*,

Respondents.
_______________________________________/

**ORDER TRANSFERRING CASE**

**THIS CAUSE** comes before the Court on Petitioner's Motion for Preliminary Injunction and Supporting Memorandum of Law ("Motion"), [ECF No. 7], filed on October 2, 2026. In the Motion, Petitioner seeks relief from his recent transfer to the Golden State Annex, McFarland, California. [ECF No. 7] at 1. While venue was proper when the Petition was originally brought, *see* [ECF No. 1], because of Petitioner's transfer to California the Court ordered both Petitioner and Respondents to show cause (1) "whether an appropriate respondent . . . resides within [the Southern District of Florida] and, if so, the identity of such person"; (2) "if not, whether an appropriate respondent resides in Petitioner's present district of confinement and, if so, the identity of such person"; and (3) "whether transfer of this case to the Eastern District of California is appropriate." [ECF No. 8] at 3. Petitioner responded that he opposes the transfer of this action. [ECF No. 11]. In contrast, Respondents submitted that transfer of this action is appropriate. [ECF No. 12].

Under the plain language of 28 U.S.C. § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004). Accordingly, "[s]ection

2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) ("Section 2241 petitions must be brought in the district court of the district where the prisoner is incarcerated, and any other district court lacks jurisdiction over the petition."); *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (recognizing that, "[u]nder the plain language of [section] 2241, 'jurisdiction lies in only one district: the district of confinement'" (quoting *Rumsfeld*, 542 U.S. at 443)). But "when the Government moves a habeas petitioner after [he] properly files a petition naming h[is] immediate custodian," the district court in which the petition was originally filed retains jurisdiction if there remains "any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld*, 542 U.S. at 441 (citation omitted).

Here, Petitioner was transferred from Krome North Service Processing Center in Miami, Florida to the Golden State Annex in McFarland, California after he filed his Petition in the Southern District of Florida. [ECF No. 7]. McFarland, California is served by Kern County, which lies in the Eastern District of California. 28 U.S.C. § 84(b). Respondents contend that the appropriate respondent in this action "is the warden of the facility where [Petitioner is currently] detained." [ECF No. 12] at 5. And given Petitioner's transfer, "[a] court in the Southern District of Florida lacks the requisite territorial jurisdiction to order the Warden of the Golden State Annex, McFarland California, to release Plaintiff from custody." *Id.* While Petitioner argues that this Court maintains jurisdiction, he fails to identify any appropriate respondent residing within this District to whom the Court could order his release. *See generally* [ECF No. 11].

After reviewing the record, the Court concludes that transfer serves the interests of justice, as the Eastern District of California may determine that Petitioner's claims are meritorious, and an

appropriate respondent exists in that District. *See Gardner v. United States*, No. 23-CV-10077, 2023 WL 9316848, at *2 (N.D. Fla. Oct. 25, 2023) (listing cases in which courts "have recognized where a [28 U.S.C.] § 2241 petitioner has been redesignated to a prison facility in another jurisdiction, a court may transfer the petition to the jurisdiction in which the petitioner is being held"), *report and recommendation adopted*, 2024 WL 200899 (N.D. Fla. Jan. 18, 2024).[1] Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this case is **TRANSFERRED** to the Eastern District of California, Fresno Division. *See* 28 U.S.C. § 84(b); Jurisdiction and Venue, U.S. Dist. Ct. for the E.D. Cal., https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/jurisdiction-and-venue/ (last visited October 11, 2026) (listing the Fresno Division as having jurisdiction over civil actions arising in Kern County). All pending motions are **DENIED** as moot. Upon transfer, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 13th day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

[1] Regarding Petitioner's previously filed Preliminary Injunction, [ECF No. 7], which was denied without prejudice pending the Court's decision regarding Petitioner's transfer, [ECF No. 9], the Court notes that 8 U.S.C. § 1252(a)(2)(B) and 8 U.S.C. § 1231(g)(1) "strip the Court of jurisdiction 'to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General.'" *Boulos v. Dir., U.S. DHS ICE ERO Mia. Field Off.*, No. 25-23792, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025) (citing *Guerra-Castro v. Parra*, No. 25-22487, 2025 WL 1984300, at *2 (S.D. Fla. July 17, 2025)); *see also Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) ("It is therefore apparent that a district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities by granting injunctive relief . . . ."); *Calla-Collado v. Att'y Gen. of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("An alien is guaranteed the right to counsel and the right to present witnesses and evidence at his deportation proceedings. An alien, however, does not have the right to be detained where he believes his ability to obtain representation and present evidence would be most effective." (citation omitted)).